# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. RUFF,<br><br>            Plaintiffs,<br><br>    vs.<br><br>COUNTY OF KINGS, et al.,<br><br>            Defendants. | CASE NO. CV-F-05-0631 OWW LJO<br><br>**ORDER ON DEFENDANTS' MOTION TO COMPEL** (Doc 28) |

Defendants County of Kings, Mark Sherman, Sandy R. Roper, and William R. Zumwalt move to compel plaintiff to answer interrogatories. No timely opposition or statement of non-opposition was filed, and therefore, the hearing set for June 23, 2006 was vacated. Having considered the moving papers, as well as the Court's file, the Court issues the following order.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves claims for violation of plaintiff's civil rights under 42 U.S.C. §1983. Plaintiff alleges that defendants racially discriminated against him in the operation of his commercial recycling center through zoning ordinances and enforcement of County ordinances.

On February 9, 2006, defendants served their first set of contention interrogatories on plaintiff. The responses were due on March 14, 2006. No responses were received. Defense counsel sent plaintiff or counsel two letters, on March 24, 2006 and on May 10, 2006, but did not get a response. To date, plaintiff has not responded to the interrogatories.

/////

/////

# ANALYSIS & DISCUSSION

## Scope Of Discovery

F.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

## Interrogatory Standards

**1. Interrogatories**

The party answering interrogatories must furnish "such information as is available to the party." F.R.Civ.P. 33(a). F.R.Civ.P. 33(b)(1) requires interrogatories to be answered "separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Interrogatory answers must be "signed by the person making them, and the objections signed by the attorney making them." F.R.Civ.P. 33(b)(2). The propounding party may seek an order to compel further responses regarding "an objection to or other failure to answer an interrogatory." F.R.Civ.P. 33(b)(5).

The interrogatories propounded upon plaintiff consist of 15 questions inquiring into documents and witnesses to support specific allegations in the complaint. This is the first set of interrogatories propounded and the questions appear to be reasonable. No objections were timely interposed. Absent an extension or good cause, failure to timely respond to interrogatories constitutes a waiver of any objections thereto. Fed.R.Civ.P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.")

No response has ever been served on defendants. Accordingly, plaintiff will be ordered to answer the interrogatories, without objection, within 10 days of the date of service of this order.

**2.  Request for Sanctions**

Defendants request $542.50 in sanctions against plaintiff. The sanctions are for 3.5 hours for attorney Benjamin Ratliff's time in preparing this motion at $155 per hour.

If a motion to compel discovery responses is granted, "the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the . . . discovery without court action . . . or that other circumstances make an award of expenses unjust." F.R.Civ.P. 37(a)(4)(A). The burden is on the losing party to affirmatively demonstrate that its position was substantially justified. Fed.R.Civ.P. 37(a)(4), Advisory Comm. Notes (1970).

Plaintiff ignored defendants' attempts to obtain interrogatory responses without this Court's order to compel. No circumstances appear to render unjust an award of defendants' expenses for their motion to compel. The hourly rate and number of hours are reasonable.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. To GRANT the motion. Plaintiff is ordered to answer the interrogatories, without objection, within 10 days of the date of service of this order.
2. To GRANT the request for sanctions of $542.50 against plaintiff.

**IT IS SO ORDERED.**

**Dated:    June 21, 2006**              /s/ Lawrence J. O'Neill
**b9ed48**                               **UNITED STATES MAGISTRATE JUDGE**