1   Leslie M. Dillahunty, Esq.     Bar No. 195262

2   WEAKLEY, ARENDT & McGUIRE
      1630 East Shaw Avenue, Suite 176
3          Fresno, California  93710
          Telephone: (559) 221-5256
4          Facsimile:  (559) 221-5262

5   Attorneys for Defendants, County of Kings, Mark Sherman, Sandy R. Roper
                  and William R. Zumwalt

6

7
                    IN THE UNITED STATES DISTRICT COURT
8
                    EASTERN DISTRICT OF CALIFORNIA
9

10  DANIEL E. RUFF,                        )  CASE NO.  1:05-CV-00631-OWW-GSA
                                           )
11           Plaintiff                     )  ORDER ON PLAINTIFF'S MOTION TO
                                           )  PRECLUDE WITNESSES AND EVIDENCE
12           vs.                           )
                                           )  Date: April 21, 2009
13  COUNTY OF KINGS, MARK SHERMAN,         )  Time: 1:30 p.m.
    SANDY R. ROPER, WILLIAM R.             )  Courtroom: Three
14  ZUMWALT, and DOES 1-100, et al.        )  Honorable Oliver W. Wanger
                                           )
15           Defendants.                   )  Trial: September 15, 2009
                                           )
16  _____

17          On April 21, 2009, the plaintiff's motion to preclude defense witnesses and evidence

18  withheld during discovery came on regularly for hearing before The Honorable Oliver W.

19  Wanger.  Plaintiff was represented by Kevin G. Little, Esq.  Defendants County of Kings, Mark

20  Sherman, Sandy R. Roper, William R. Zumwalt (collectively hereinafter "Defendants") were

21  represented by Leslie M. Dillahunty, Esq., of the law firm of Weakley, Arendt, & McGuire,

22  LLP.

23          After full consideration of the moving and opposition papers, as well as oral argument

24  from counsel, for good cause established, not within the control or the ability of the Defendants,

25  the Court finds good cause under the Discovery Act to permit the following supplementation of

26  discovery in aid of trial preparation as follows:

27      I.. SUPPLEMENTAL DISCOVERY.

28          A.      Defendants shall, within seven (7) court days (on or before April 30, 2009),

_____
Order on Plaintiff's Motion to Preclude
Witnesses and Documents

1    supplement specific discovery requests as follows:

2    First Set of interrogatories: numbers 3, 4, 5, 8, 10, 11, 12, 13, 14, 15 and 16.

3    First Request for Production of Documents: numbers 2, 3, 4, 5, 8, 9, 10, 11, and 12.

4    First Request for Admissions: numbers 2 and 3.

5    Second Set of interrogatories: numbers 1-4, 6 and 8.

6    Second Request for Production of Documents: numbers 1-4, 6 and 7.

7    Second Request for Admissions: numbers 1-4.

8    Third Request for production of Documents: all.

9        B.    Defendants are to identify and produce all documents, maps, plans, or any other

10   documentary evidence in support of any updated General Plan, amended General Plan,

11   incorporation of any fringe into the City of Hanford and/or provisions of public services to the

12   general public.

13       C.    Defendants are to identify any other witnesses known by the defendants with

14   knowledge of facts and circumstances pertaining to the subject matter of plaintiff's allegations,

15   and include the substance of testimony anticipated to be elicited from the witnesses, both lay

16   and expert.

17       D.    Defendants are to identify and produce documentation any and all applications

18   for site plan review referred to the City of Hanford for possible annexation after the January

19   2004 amendment to the Kings County General Plan; the "corrected" Grant Deed for the

20   premises located at 11180 South 10th Avenue, Hanford, California; and documentation

21   pertaining to the recycling business located at 14050 Locust Avenue, Armona, California.

22       II.    SUPPLEMENTAL OF EXPERT REPORTS.

23       Defendants shall, within seven (7) court days (on or before April 30, 2009), supplement

24   all expert declarations and/or reports to include any additional information and any statements

25   of additional opinions not previously expressed.  Defendants are to also identify any other

26   documents, exhibits, physical or documentary, upon which their experts are expected to rely,

27   ///

28   ///

<sup>1</sup> including any survey, test or other analysis of the General Plan or the consolidation of services.

III.     DEPOSITIONS.

Plaintiff shall have thirty (30) days from receipt of defendants' supplemental discovery and expert reports to conduct depositions, both lay and expert depositions.  Defendants shall then have a subsequent thirty (30) days to conduct depositions, both lay and expert depositions.

IV.     MISCELLANEOUS.

A copy of the compact disc mentioned by plaintiff's counsel as containing the "compendium of additional materials relied upon by plaintiff's experts" will be produced to defendants' counsel, at defendants' counsel's expense.

All non-dispositive and dispositive motions are hereby deemed resolved, and this order does not re-open discovery except as expressly set forth above.

The trial in this matter is now scheduled to commence on September 15, 2009, with the pre-trial conference scheduled for August 3, 2009.


Approved as to form and content.

                                                    /s/ Kevin G. Little
                              By:_____
                                                    Kevin G. Little
                                                    Attorney for Plaintiff

IT IS SO ORDERED.

**Dated:    April 23, 2009**             _____/s/ Oliver W. Wanger_____
                                         UNITED STATES DISTRICT JUDGE