Leslie M. Dillahunty, Esq.    Bar No. 195262

WEAKLEY, ARENDT & McGUIRE
1630 East Shaw Avenue, Suite 176
Fresno, California 93710
Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, County of Kings, Mark Sherman, Sandy R. Roper
and William R. Zumwalt

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. RUFF,<br><br>        Plaintiff<br><br>        vs.<br><br>COUNTY OF KINGS, MARK SHERMAN, SANDY R. ROPER, WILLIAM R. ZUMWALT, and DOES 1-100, et al.<br><br>        Defendants. | CASE NO. 1:05-CV-00631-OWW-GSA<br><br>ORDER ON DEFENDANTS' MOTIONS IN LIMINE<br><br>Date: September 4, 2009<br>Time: 12 noon<br>Courtroom: Three<br>Honorable Oliver W. Wanger<br><br>Trial: September 15, 2009 |

On September 4, 2009, the matter of defendants' motions in limine (Document no. 127) came before this Court for hearing. After considering the parties pleadings and documents filed with the court, and receiving oral argument from counsel, the court hereby rules as follows:

Motion in limine number -

1. Granted in whole with the exception that expenditures or other damage that was suffered because of plaintiff's financial inability to maintain his property or comply with ordinances or to do anything else that caused him out-of-pocket loss, can be offered as consequential damages.

2. Granted whole with the exception that expenditures or other damage that was suffered because of plaintiff's financial inability to maintain his property or comply with ordinances or to do anything else that caused him out-of-pocket loss, can be offered as consequential damages. Evidence is limited to the fact that there was a violation and plaintiff

---

Order re: Defendants' Motions in Limine

1 | had to pay money because of it.

2 |     3.  Granted as requested.

3 |     4.  Denied subject to the condition that specific instructions will address Monell liability.

4 |     5.  Denied subject to the conditions that Dr. Kays not offer testimony in the form of
5 | arguments, legal conclusions or conclusions of law.  No testimony may be elicited without
6 | sufficient legal foundation first being laid, and he is to offer no opinions of any alleged
7 | conspiracy.

8 |     6.  Denied subject to the conditions that Mr. Bettencourt's opinions be based on
9 | recycling businesses and that sufficient foundation first be laid for his opinion testimony.
10 | Defendants have also reserved the right to have a *Daubert* hearing, which will be held during
11 | the noon hour prior to Mr. Bettencourt testifying.

12 |     7.  Granted as requested.

13 |     8.  Denied.

14 |     9.  Denied without prejudice.  However, such evidence is limited to admissible evidence.

15 |     10.  Denied without prejudice.

16 |     11.  Plaintiff's claim based on racial discrimination has been previously dismissed.

17 |     12.  Denied subject to condition that other recycling operations that are not roughly
18 | comparable but are truly dissimilar are irrelevant to show that the denial of plaintiff's
19 | application was arbitrary, capricious or unlawful.  On the issue of damages, evidence of other
20 | recycling operations is not admissible unless the operation is comparable to plaintiff's business
21 | to show feasibility or the zoning issues or the wrongful denial of the change of use permit.

22 |     13.  Granted without exception if plaintiff cannot provide a foundation.  If he can
23 | provide the necessary foundation, he will be permitted to testify as an owner as to his opinion of
24 | the value of his business.

25 |     14.  Granted in whole with the exception that expenditures or other damage that was
26 | suffered because of plaintiff's financial inability to maintain his property or comply with
27 | ordinances or to do anything else that caused him out-of-pocket loss, can be offered as
28 | consequential damages.

15. Denied without prejudice. However, an adequate foundation must first be laid and the evidence must be admissible.

16. Granted as requested.

17. Granted as requested.

19. Granted as requested.

20. Granted as requested.

21. Granted as requested.

22. Granted as requested.

23. Granted as requested.

24. Grant in part and deny in part. Denial is conditioned on plaintiff's experts being produced so that defendants' counsel can examine them on any supplemental materials.

25. Deny on the condition that a foundation be laid that the County controls Kings Waste and Recycling Authority and directors its operations.

26. Granted with the condition that relevant portions of the recording may be played for purposes of impeachment or to refresh a witness's recollection.

27. Granted with the condition that such evidence may be admissible on the issue of damages only. Evidence is limited to the fact that there was a violation and plaintiff had to pay money because of it.

28. Granted as requested.

IT IS SO ORDERED.

**Dated:   September 13, 2009**              /s/ Oliver W. Wanger
                                             UNITED STATES DISTRICT JUDGE

Order re: Defendants' Motions in Limine                3