IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL E. RUFF,<br><br>        Plaintiff,<br><br>  vs.<br><br>COUNTY OF KINGS, et al.,<br><br>        Defendants. | No. CV-F-05-631 OWW/GSA<br><br>MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR FOR A NEW TRIAL (Doc. 202) |

Before the Court is Defendants' renewed motion for judgment as a matter of law pursuant to Rule 50(b), Federal Rules of Civil Procedure, or for a new trial pursuant to Rule 59, Federal Rules of Civil Procedure.

Attached to Defendants' motion is a rough draft of the transcript of a hearing on September 18, 2009:

> THE COURT: Thank you very much.  Ms. Dillahunty, do you wish to present evidence?
>
> ...
>
> MS. DILLAHUNTY: At this time, the defense would like to bring an oral Rule 50 motion

1

that there's been no evidence to show that
any of the individual defendants have acted
in a willful, arbitrary or capricious manner.
There's no evidence to show that any of them
are liable towards the plaintiff and that
they should be dismissed in their individual
capacities.

THE COURT: All right.  Thank you.

MR. LITTLE: Your Honor, just very briefly.  I
believe the state of the evidence shows that
all of the issues pertaining to individual
liability are sufficiently disputed for the
motion to be denied under the applicable
standards since at this stage it has to be
viewed in the light most favoring the
plaintiff.

THE COURT: All right.  Is the matter
submitted?

MS. DILLAHUNTY: Yes.

THE COURT: All right.  The standard on a
motion for judgment as a matter of law is
that the Court must consider the evidence
only by the plaintiff.  The Court cannot
weigh credibility, the Court can only draw
inferences in favor of the non-moving party.
And the test is that no reasonable trier of
fact could find from the evidence, giving it
its due weight and drawing the inferences in
favor of the non-moving party, could not find
that the elements of either claim have been
established.

The Court finds that because the zoning
requirements, and at least there is a factual
dispute about the efficacy of the notice on
zone plan.  There is, by virtue, without full
explanation, at least the potential to prove
that, one, the land use was permitted within
the commercial services zone of a recycling
center.

Second, that the delay or, if you will,
alleged obfuscation by Mr. Sherman in
continually telling Mr. Ruff that he wasn't
the owner of the property, without, in
effect, telling him what he needed if there

> was something that was required, could be found to be pretextual.
>
> There is evidence that other developments, including a recycling center that are in the same time frame, were being approved. And whether it was comparable, we haven't heard. But what we do know is that the plaintiff contends that they are comparable.
>
> And on the arbitrary and capricious element, that is sufficient at least to create a triable issue of material fact here. What we do know is that Mr. Zumwalt reviewed this. He is a policy maker. And in effect, it not directly ratifying with knowledge approved when it occurred and approved the zone change, that, in effect, was the ultimate reason for the plaintiff to be unable to proceed with his recycling center.
>
> So the Court believes that under the class of jurisprudence, which I'm not going to put into the record now, it's in the ruling on the summary judgment motions. I believe we have at least a prima facie case. We're now going to hear what the explanations are. And so I'm going to deny the motions without prejudice at this time.

On the sixth day of the jury trial, Plaintiff's motion pursuant to Rule 50, Federal Rules of Civil Procedure, to eliminate the issue of qualified immunity of the individual Defendants from the jury's consideration because of Defendants' failure to move under Rule 50(a), was granted and the Court revised the jury instructions and verdict forms accordingly. (Doc. 197; Minute Order dated 9-23-09). A rough transcript of the September 23, 2009 hearing shows the following:

> MS. DILLAHUNTY: Our position is that we did, in fact, present to the Court the Rule 50(a) motion as required in the case of Bechtel versus man I will hole carriers limited [sic], it's a Ninth Circuit case at 605 Fed

|   |   |
|---|---|
| 1 | **2d 438, 441 and 442 [¶] It states that 'Where** |
|   | **a party has brought a Rule 50(a) motion and** |
| 2 | **has subsequently requested a jury instruction** |
|   | **on the issue, that a return for a directed** |
| 3 | **verdict in favor of the moving party is** |
|   | **equivalent of directed verdict.' [¶]** |
| 4 | **Basically because we have both submitted the** |
|   | **Rule 50(a) motion and have subsequently** |
| 5 | **requested the jury instruction on qualified** |
|   | **immunity, that is sufficient to preserve the** |
| 6 | **issue for motion for directed verdict.  This** |
|   | **view has been supported - actually Farley** |
| 7 | **versus Santa Fe Trail cites it.** |

**THE COURT: Yes.  And my recollection is that the motion was presented at the close of the plaintiff's case.  And I ruled on it orally in open court.  On qualified immunity grounds.**

**MR. LITTLE: No, Your Honor.  There was indeed a 50(a) motion made, but it was specifically limited to liability and the defendant in the individual capacities.  It did not go to the qualified immunity affirmative defense.  It was only as to plaintiff's claims.**

**...**

**THE COURT:   That was the totality of the motion. It does not appear that that was a motion on qualified immunity grounds.  Would you agree?**

**MS. DILLAHUNTY: Yes.**

**THE COURT: All right.  Do you have other arguments in support of your position?**

**MS. DILLAHUNTY: Not at this time, Your Honor.**

**THE COURT: All right.  Because the defendant does not claim that the Court induced any misreliance or that there was any, if you will, detrimental reliance on the Court's conduct.  I'm going to find that this defense has been waived by the failure to file a Rule 50(a) motion on the ground of qualified immunity before submission of the case to the jury.**

4

>     Accordingly, we're going to have to revise
>     the verdict form and the instructions.

In *Tortu v. Las Vegas Metropolitan Police Dept.*, 556 F.3d 1075 (9th Cir.2009), the Ninth Circuit held that, if the District Court denies qualified immunity because there are genuine issues of material fact, the case proceeds to trial. "When a qualified immunity claim cannot be resolved before trial due to a factual conflict, it is a litigant's responsibility to preserve the legal issue for determination after the jury resolves the factual conflict." *Id.* at 1083. To preserve the issue of qualified immunity, the defendants must make a motion for judgment as a matter of law under Rule 50(a), Federal Rules of Civil Procedure. *Id.* The Rule 50(a) motion must be filed "at any time before the case is submitted to the jury." *Id.* at 1081. A party may also renew the motion for judgment as a matter of law based on qualified immunity after trial under Rule 50(b). However, a "failure to file a Rule 50(a) motion precludes consideration of a Rule 50(b) motion for judgment as a matter of law." *Id.* at 1083.

    A.  <u>Motion for Judgment as a Matter of Law</u>.

The standards governing a motion for judgment as a matter of law pursuant to Rule 50, Federal Rules of Civil Procedure, are reiterated in *Gibson v. City of Cranston*, 37 F.3d 731, 735 (9th Cir.1994):

>     When confronted with a motion for judgment as
>     a matter of law, whether at the end of the
>     plaintiff's case or at the close of all the
>     evidence, a trial court must scrutinize the
>     proof and the inferences reasonably to be
>     drawn therefrom in the light most amiable to

> the nonmovant ... In the process, the court
> may not consider the credibility of
> witnesses, resolve conflicts in testimony, or
> evaluate the weight of evidence ... A
> judgment as a matter of law may be granted
> only if the evidence, viewed from the
> perspective most favorable to the nonmovant,
> is so one-sided that the movant is plainly
> entitled to judgment, for reasonable minds
> could not differ in the outcome ....

Defendants assert that "[c]ontrary to the court's ruling on defendants' initial Rule 50 motion and contrary to the representations of plaintiff's counsel during closing argument," the evidence was that Defendant Zumwalt was not a policymaker for the County of Kings. Defendants contend that Defendant Zumwalt was asked while on the stand whether he was a policymaker and he testified that he was not. Defendants contend:

> As the director of the Kings County Planning
> Division, Mr. Zumwalt testified that he could
> recommend policy to the Board of Supervisors,
> but he could not make policy. That is up to
> the Board of Supervisors. Similarly, while
> Mr. Zumwalt could make recommendations, Mr.
> Zumwalt had no authority to approve the
> alleged zone change. The alleged change was
> the result of action by the Kings County
> Board of Supervisors and their adoption of
> the General Plan amendment.

Defendants cite *Calvert v. County of Yuba*, 145 Cal.App.4th 613, 622 (2006):

> There are three general types of actions that
> local government agencies take in land use
> matters: legislative, adjudicative and
> ministerial ... Legislative actions involve
> the enactment of general laws, standards or
> policies, such as general plans or zoning
> ordinances ... Adjudicative actions -
> sometimes called quasi-judicial, quasi-
> adjudicative or administrative actions -
> involve discretionary decisions in which

> legislative laws are applied to specific development projects; examples include approvals for zoning permits and tentative subdivision maps ... Ministerial actions involve nondiscretionary decisions based only on fixed and objective standards, not subjective judgment; an example is the issuance of a typical, small-scale building permit ....
>
> The state and federal Constitution prohibit the government from depriving persons of property without due process ... In line with this constitutional bedrock, an adjudicative governmental action that implicates a significant or substantial property deprivation generally requires the procedural due process standards of reasonable notice and opportunity to be heard ... Legislative action generally is not governed by these procedural due process requirements because it is not practical that everyone should have a direct voice in legislative decisions; elections provide the check here ....

Relying on *Calvert*, Defendants argue that there was no evidence that Defendant Zumwalt was a policymaker or an individual who had authority to approve any change in zoning or amendment to the general plan, nor is there any evidence that would support the jury's verdict that Defendant Zumwalt acted in any manner so as to violate Plaintiff's procedural due process rights. Defendants assert in their reply brief:

> Evidence and testimony presented during trial included the General Plan prior to its amendment and the fact that there were inconsistencies in the Land Use Element of that General Plan. Specifically, evidence and testimony showed that Goal 1 of the Land Use Element of the 2002 General Plan required new development in the city fringe area to annex to the city for development. However, evidence and testimony also presented was that Goal 3 of the Land Use Element was inconsistent with this requirement and needed

>to be clarified.  The testimony of both Mr. Zumwalt and Mr. Roper was that an 'amendment' to the General Plan may include changes, but that the change to Goal 3 was for the purpose of clarification.  To indicate in the public notice that the proposed amendment to the General Plan was to clarify Goal 3 of the Land Use Element was reasonable and appropriate and provided sufficient notice as required by the Government Code.  It is clear from the evidence and testimony presented that neither Mr. Zumwalt nor Mr. Roper acted in a willful, arbitrary or capricious manner with the intent to violate Mr. Ruff's constitutional rights.  The plaintiff presented no evidence to the contrary.

At the hearing, Plaintiff argued that Defendant Zumwalt's testimony regarding his policymaking authority was equivocal; that in some instances he testified that he was the policymaker and in other instances, policy was made by the Board of Supervisors.  In any event, Plaintiff contended, Defendant Zumwalt could be found liable for the violation of procedural due process on the basis of supervisorial liability.  Substantial evidence showed that Defendant Zumwalt had ultimate authority over and directed the operations of the Planning Department.  He knew of, affirmed, and ratified the delay and denial of Plaintiff's application for site plan review.

As to Defendant Roper, Defendants assert that Mr. Roper testified that, although he prepared the notice of the public hearing and took the necessary steps to assure that the notice was published in the newspaper, he did not have any input as to the content of the notice, but utilized the wording that had been provided to him by Defendant Zumwalt.  Defendants refer to

8

1  Plaintiff's closing argument that, in light of Defendant Roper's
2  limited involvement, he should not be found liable and that the
3  verdict form should reflect no liability on the part of Defendant
4  Roper.
5      At the hearing, Plaintiff stated that he conceded that
6  Defendant Roper was not liable only for Plaintiff's claims of
7  denial of equal protection and substantive due process, but that
8  he was liable for the claim of denial of procedural due process.
9  Plaintiff asserted that Defendant Roper testified that he was
10 responsible for drafting the public notice under Defendant
11 Zumwalt's supervision.  Defendants assert that Defendant Roper
12 testified that he only parroted what had been provided to him by
13 Defendant Zumwalt and that there is no evidence that Defendant
14 Roper had any intent to violate Plaintiff's procedural due
15 process rights.  Defendants' counsel recalled that Plaintiff's
16 counsel told the jury that Defendant Roper did not do anything
17 other than parrot language provided to him by Defendant Zumwalt.
18     No party has the right to change a jury's verdict.
19 Defendants have not carried their burden on this motion.  No
20 trial transcript has been provided is provided from which it may
21 be determined which position is correct.  The case was tried over
22 two months ago.  Defendants' renewed motion for judgment as a
23 matter of law is DENIED.
24     B.  **Motion for New Trial**.
25     Defendants move for a new trial on the ground that the
26 failure to give jury instructions and verdict form on the issue

of qualified immunity cannot be considered harmless error.

Defendants are wrong. The issue of qualified immunity is one of law for the Court, not for the jury. *See Tortu, supra*, 556 F.3d at 1085. The jury's only role in a qualified immunity dispute is to resolve whether a constitutional right has been violated. Whether the constitutional right violated was clearly established is a question of law for the Court. *Id.*

A motion for new trial "may be granted to all or any of the parties and on all or part of the issues ... for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Rule 59(a), Federal Rules of Civil Procedure. "The grant of a new trial is 'confided almost entirely to the exercise of discretion on the part of the trial court.'" *Murphy v. City of Long Beach*, 914 F.2d 183, 186 (9th Cir.1990).

Plaintiff responds that Defendants' failure to file a Rule 50(a) motion for judgment on the issue of qualified immunity precludes a motion for judgment pursuant to Rule 50(b) on the issue of qualified immunity. *See Tortu v. Las Vegas Metropolitan Police Dept.*, 556 F.3d 1073, 1083 (9th Cir.2009). Plaintiff asserts that where a motion for new trial is predicated on an improperly made motion for judgment as a matter of law, the same waiver standard applies. Plaintiff cites *Desrosiers v. Flight Int'l, Inc.*, 156 F.3d 952, 957 (9th Cir.1998) and *Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1013 (9th Cir.2007).

In *Desrosiers*, the defendant did not at any time move for a

judgment as a matter of law at the close of the plaintiff's case, nor did it file a Rule 50(b) motion. On appeal, the defendant argued that it was entitled to judgment as a matter of law on the issue of proximate causation. The Ninth Circuit ruled that, in order to preserve the right to move for judgment notwithstanding the verdict under Rule 50(b), the party must first have moved under Rule 50(a). 156 F.3d at 956. In the absence of a Rule 50(b) motion, the Ninth Circuit does not have the power to grant such a motion for JMOL. *Id.* at 957. The only motion filed by Defendants was a motion for new trial under Rule 59, on the ground that the verdict of liability was against the greater weight of the evidence. *Id.* The District Court denied the motion for new trial. The Ninth Circuit ruled:

> Because Flight failed to make a Rule 50(b) motion, this court has no power to grant, and therefore cannot consider, a judgment as a matter of law ... For this reason, the only issue properly before us regarding causation is the district court's denial of a motion for new trial under Rule 59. While we would review de novo a district court's denial of a motion for judgment as a matter of law ..., this court will not overturn a district court's denial of a motion for a new trial absent a clear abuse of discretion.

*Id.* The Ninth Circuit ruled that the trial court's denial of the motion for new trial on the issue of causation was not an abuse of discretion.

In *Merrick*, the insurers argued on appeal that they were entitled to judgment as a matter of law on the issues of bad faith and punitive damages. The insurers conceded that they did

11

not include these claims in their Rule 50 motions in the District Court, but asked the Ninth Circuit to construe their argument as an appeal of their Rule 59 request for a new trial, which did include these claims.  After deciding to address an issue raised for the first time on appeal, the Ninth Circuit held:

> The insurers' Rule 59 argument is identical to their Rule 50 argument, to which Merrick responded.  We note, however, the differing standard of review.  Whereas a properly presented Rule 50 question is reviewed de novo, we give 'great deference' to the trial court's denial of a motion for a new trial, and will reverse 'for a clear abuse of discretion only where there is an *absolute absence of evidence* to support the jury's verdict.'

500 F.3d at 1013.  The Ninth Circuit then ruled that the denial of the motion for new trial was not an abuse of discretion.

Neither of these cases stand for the proposition for which Plaintiff cites them, i.e., that where a motion for new trial is predicated on an improperly made motion for judgment as a matter of law, the same waiver standard applies.  There is nothing in these opinions holding that issues raised in a motion for new trial must have been previously preserved by a motion for judgment as a matter of law.

Defendants argue that a new trial should be granted because factual issues presented at trial included whether the content of the public notice was sufficient and complied with the requirements of the Government Code.  Testimony and evidence were presented that the General Plan as it pertained to the Land Use Element was unclear as to the desired goal to require annexation

of property within the city fringe and showed that the Goals contained in the Land Use Element were inconsistent and needed to be clarified to achieve consistency. Defendants contend that, because of the factual disputes between Plaintiff and Defendants as to whether the public notice was sufficient, the jury should have been given the requested instruction on qualified immunity and allowed to answer the question whether the Defendants acted reasonably. Defendants did not submit any legally correct proposed instructions on the subject of qualified immunity.

Defendants place primary reliance on *Sloman v. Tadlock*, 21 F.3d 1482, 1468 (9th Cir.1994):

> Where ... officials are forced to go to trial because their right to immunity turns on the resolution of disputed facts, early determination is not possible. Although some of the reasons for the existence of the immunity doctrine are moot when trial is necessary, other equally important ones remain. First, officials should be shielded from liability for reasonable exercises of judgment in the execution of their duties, even where their conduct is ultimately shown to have been unconstitutional ... Second, shielding officials from personal liability for reasonable exercises of discretion will help prevent the 'deterrence of able people from public service.' ... These reasons do not, however, suggest that a *judicial* determination at this stage is necessarily better than a jury verdict. The advantage of timing is already lost. In fact, sending the factual issues to the jury but reserving to the judge the ultimate 'reasonable officer' determination leads to serious logistical difficulties ....
>
> On the other hand, there is no reason to think that allowing the jury rather than the judge to determine whether an officer's conduct was reasonable under the

>circumstances would be inimicable to the policies that animate immunity. On the contrary, evaluating the reasonableness of human conduct is undeniably within the core area of jury competence. Just as the judge can most effectively determine whether a given constitutional right was 'clearly established' at a particular point in time, the jury is best suited to determine the reasonableness of an officer's conduct in light of the factual context in which it takes place.

Defendants' reliance on *Sloman* in arguing that they are entitled to a new trial in order to present the issue of qualified immunity to the jury is misplaced. *Sloman* is old law. *Sloman* preceded *Tortu* and *Tortu* makes clear that preservation of determination of qualified immunity requires that a defendant make a motion for judgment as a matter of law on the qualified immunity issue pursuant to Rule 50(a) before the issue goes to the jury. *See also Norwood v. Vance*, 572 F.3d 626, 631 (9th Cir.2009). Here, although given an opportunity by the Court to argue that the Rule 50(a) motion on the issue of Defendants Zumwalt and Roper's individual liability could be construed to include the issue of qualified immunity, Defendants' counsel expressly stated that the Rule 50(a) motion was not based on qualified immunity. Defendants' counsel also stated for the record that she was not induced to misrely on anything the Court did or said in ruling on her Rule 50(a) motion, directed solely to liability and in addressing jury instructions. *Tortu* was cited in argument to Defendants' counsel, when the Rule 50(a) motion was made at the close of the evidence. She had the

opportunity to review the case, and the opportunity to present or at least argue that the Rule 50(a) motion was general enough to include qualified immunity.  She failed to do so.  *Tortu* precludes a new trial on this ground and the Court did not err in granting Plaintiff's motion to eliminate the issue of qualified immunity from the jury's consideration.

## CONCLUSION

For the reasons stated, Defendants' renewed motion for judgment as a matter of law or for a new trial is DENIED.

IT IS SO ORDERED.

**Dated:    November 30, 2009**            /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE