IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL E. RUFF, | ) | No. CV-F-05-631 OWW/GSA |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER GRANTING  DEFENDANTS' |
| Plaintiff, | ) | *EX PARTE* APPLICATION FOR |
| | ) | STAY OF ENFORCEMENT OF |
| vs. | ) | JUDGMENT PENDING POST TRIAL |
| | ) | MOTIONS AND APPEAL (Doc. |
| | ) | 212) |
| COUNTY OF KINGS, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

Judgment for Plaintiff for monetary damages was entered
under Rule 54(b), Federal Rules of Civil Procedure, on September
24, 2009.  Defendants' application for stay of enforcement of
judgment pending resolution of post trial motions and appeal was
filed on October 26, 2009 and was opposed by Plaintiff on October
27, 2009.  To some extent, Defendants' application is moot
because Plaintiff's post trial motions for prejudgment interest
and declaratory relief and Defendants' renewed motion for
judgment or for new trial were  heard on November 23, 2009.
Plaintiff's motion for attorney's fees was filed on October 22,

1

2009 and is now noticed for hearing on February 22, 2010.  Rule

4(a)(4)(A), Federal Rules of Appellate Procedure, provides:

>          If a party timely files in the district court
>          any of the following motions under the
>          Federal Rules of Civil Procedure, the time to
>          file an appeal runs for all parties from the
>          entry of the order disposing of the last such
>          remaining motion:
>
>                (i) for judgment under Rule 50(b);
>
>                (ii) to amend or make additional
>                factual findings under Rule 52(b),
>                whether or not granting the motion
>                would alter the judgment;
>
>                (iii) for attorney's fees under
>                Rule 54 if the district court
>                extends the time to appeal under
>                Rule 58;
>
>                (iv) to alter or amend the judgment
>                under Rule 59;
>
>                (v) for a new trial under Rule 59;
>                or
>
>                (vi) for relief under Rule 60 if
>                the motion is filed no later than
>                10 days after the judgment is
>                entered.

Rule 58(e), Federal Rules of Civil Procedure, provides:

>          Ordinarily, the entry of judgment may not be
>          delayed, nor the time for appeal extended, in
>          order to tax costs or award fees.  But if a
>          timely motion for attorney's fees is made
>          under Rule 54(d)(2), the court may act before
>          a notice of appeal has been filed and become
>          effective to order that the motion have the
>          same effect under Federal Rules of Appellate
>          Procedure 4(a)(4) as a timely motion under
>          Rule 59.

All of these motions extend the time to file the notice of

appeal.  Consequently, the only issue to be resolved is whether a

1   stay of enforcement of the Judgment should be granted pending

2   appeal.

3        Rule 62(d), Federal Rules of Civil Procedure, provides:

4           If an appeal is taken, the appellant may
            obtain a stay by supersedeas bond, except in
5           an action described in Rule 62(a)(1) or (2).
            The bond may be given upon or after filing
6           the notice of appeal or after obtaining the
            order allowing the appeal.  The stay takes
7           effect when the court approves the bond.

8   Defendants represent their intent to appeal the Judgment and any

9   post trial rulings.  Although they request that the stay of

10  judgment be issued without the requirement of a supersedeas bond,

11  Defendants also state they will post a supersedeas bond if

12  required by the Court and request that the supersedeas bond be

13  limited to the amount of the Judgment, i.e., $200,000.  As

14  explained in Wright, Miller & Kane, 11 Federal Practice and

15  Procedure, § 9405:

16          Although the amount of the bond usually will
            be set in an amount that will permit
17          satisfaction of the judgment in full,
            together with costs, interest, and damages
18          for delay, the courts have inherent power ...
            to provide for a bond in a lesser amount or
19          to permit security other than the bond.

20      Plaintiff, referring to arguments made in support of his

21  motion for declaratory and ancillary relief, contends that

22  granting a stay of enforcement of the Judgment pursuant to Rule

23  62 during the pendency of the appeal will cause Plaintiff

24  "irreparable harm, including the likely loss of the subject

25  property, the continued inability to move forward with his

26  recycling center until proceedings are fully and finally

                                 3

resolved, and additional damages as a result of the further delay

of the vindication of the procedural due process rights found by

the jury."  Plaintiff asserts that, if his motion for declaratory

and ancillary relief is granted, which motion includes a request

an injunction compelling immediate payment of the monetary

damages awarded by the jury, Rule 62(a) precludes a stay of

enforcement "of a final judgment in an action for an injunction"

even if an appeal is taken.

     As Wright, Miller & Kane, *supra*, explains, "[i]f a judgment

includes both a money award and the grant or denial of an

injunction, a supersedeas bond stays the monetary award but not

that part of the judgment that deals with injunctive relief."  By

seeking an injunction compelling the immediate payment of the

monetary portion of the Judgment, Plaintiff is attempting to

preclude Defendants' right to stay enforcement of the Judgment by

filing a supersedeas bond.   If Defendants file a notice of

appeal and post a supersedeas bond, the Court does not have the

authority to compel payment of the Judgment while it is on

appeal.  As explained in *Exxon Valdez v. Exxon Mobil*, 568 F.2d

1077, 1085 (9th Cir.2009)(Kleinfeld, J., concurring):

          The rationale for a supersedeas bond is that
          there can be no certainty about who is in the
          right until the appeals are done; the party
          that lost should not have to pay the winner
          until the district court's decision is
          finally affirmed, but in the meantime, the
          party that won in district court should not
          be at risk of the money disappearing.  To
          protect the winner from the risk that the
          loser will not have the money if and when the
          judgment is affirmed, the bond is ordinarily

secured by property or by surety.

At the hearing, Plaintiff requested that the Court compel payment by Defendants of $70,000.00 of the Judgment and asserted that Plaintiff could post the Property as security for repayment of that amount if the Judgment is reversed on appeal.

Plaintiff provides no authority that the Court can compel partial payment of a Judgment if a supersedeas bond is posted. There are practical difficulties to Plaintiff's approach. Plaintiff will not have fee title to the property until he makes the timely $70,000 balloon payment to Mr. Brieno.  Plaintiff's oral assurances that he will then have fee simple title to the property free and clear of any liens and that the value of the property will suffice to secure the payment of $70,000 of the Judgment, Defendants are entitled to the protection of a title report and an appraisal, for which Defendants cannot be expected to pay.  Finally, Government Code §§ 970.4 - 970.6 set forth the applicable procedures for enforcement of a judgment against a local public entity.  The local public entity cannot be compelled to pay a final money judgment in a fiscal year in which there are not funds to do so.  Plaintiff presents no evidence that the County has sufficient funds in this fiscal year to pay any portion of the Judgment.

The supersedeas bond should reflect the amount of monetary damages, prejudgment interest, recoverable costs, and some amount for delay.  Based on the present economic climate, it cannot be assumed that the County of Kings will actually have the funds to

5

1  pay these amounts should the jury's verdict be affirmed on

2  appeal.

3      Defendants shall post a supersedeas bond in the amount of

4  $250,000.00.

5      For the reasons stated, Defendants' application for stay of

6  enforcement of the judgment for money damages pending resolution

7  of post trial motions and appeal is GRANTED subject to Defendants

8  posting a supersedeas bond in the amount of $250,000.00 and in a

9  form and by a surety, in accordance with the requirements of law

10 as to the surety's financial ability to pay the bond.

11     IT IS SO ORDERED.

12 Dated:   December 18, 2009          /s/ Oliver W. Wanger
                                    UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6